JUDGMENT AFFIRMED.

THE other judges concur.

---

EDGAR A. PHILLEO, PLAINTIFF IN ERROR, V. THE SAND-WICH MANUFACTURING COMPANY, DEFENDANT IN ERROR.

**Verdict not against Evidence.** Where the purchaser of a reaper, after having used it an entire season, returned it and brought suit for the purchase money, and the jury having rendered a verdict against him, *Held*, Not against the weight of testimony.

ERROR to the district court for Adams county. Tried below before POUND, J., sitting for GASLIN, J.

*J. M. Abbott*, for plaintiff in error.

*Batty & Ragan*, for defendant in error.

MAXWELL, J.

Prior to the harvest of 1881 the plaintiff purchased a reaper of an agent of the defendant. Either through the inexperience of the plaintiff in the use of machinery, or through defects in the machine, or perhaps both, the plaintiff was unable to cut more than five acres per day during that season, about sixty acres in all. In September, 1881, the plaintiff stated to the general agent of the defendant that he had the money in his pocket to pay for the machine, and the agent said he would like to have it "and the company would make the machine all right." The plaintiff states that he thereupon "paid the money and took an

40

order from White, the general agent, that they would fix it in thirty days." Afterwards the plaintiff took the machine to the station at Mt. Ayr, where he had obtained it, and an agent of the defendant repaired it, excepting the finger bar, which he stated it would be necessary to send to Lincoln for. The plaintiff then took the machine home, but returned it next morning and asked the agent where he would have it. He answered that he would have nothing to do with it.

The agent testifies that a day or two afterwards he took a finger bar out of a new machine and put it in that of the plaintiff; and the testimony tends to show that the machine did good work in the year 1882. The plaintiff, upon returning the machine as above described, commenced a suit against the defendant to recover the amount paid for the machine, and caused an attachment to be issued and levied upon certain machines as the property of the defendant. On the trial of the cause in the district court, the jury returned a verdict for the defendant, and judgment being rendered thereon, the plaintiff brings the cause into this court by petition in error. The principal error relied upon is that the verdict is against the weight of evidence. It is pretty clear that the verdict is right. In the absence of a contract to that effect, a purchaser, after using a machine for an entire season, cannot return it and demand a new one as a matter of right. The company seems to have made the repairs agreed upon, and so far as this record discloses, did all that they agreed to do. In any event, all that the plaintiff could recover would be the value of the repairs; but as the testimony tends to show that they were properly made, there can be no recovery on that ground. There is no error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.